JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
JOSE E. VALENZUELA, III, ESQ.
Nevada Bar No. 12510
LBC LAW GROUP
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
info@lbclawgroup.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HILDA HERNANDEZ, an individual, <br><br> Plaintiff <br><br> v. <br><br> PROFESSIONAL COMMERCIAL & RESIDENTIAL CLEANING, LLC; DOES I through V, inclusive; and ROE CORPORATIONS VI through X, inclusive, <br><br> Defendants. | Case No.: <br><br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW, Plaintiff, HILDA HERNANDEZ, by and through her counsel of record, LBC LAW GROUP and alleges as follows:

**PARTIES**

1. At all times material hereto, Plaintiff Hilda Hernandez (hereinafter "Plaintiff") was a resident of the State of Nevada, County of Clark.

2. Upon information and belief, Defendant Professional Commercial & Residential Cleaning, LLC ("Defendant"), is and was at all relevant times a domestic liability company formed under the laws of the State of Nevada, County of Clark.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein

1

as DOES I through V, inclusive, and ROE CORPORATIONS VI through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and the Plaintiff's damages as alleged were proximately caused by each Defendant's conduct.

4. At all relevant times, Defendants were agents, servants, employees or join venturers of every other Defendant herein, and at all times mentioned herein were acting within the course and scope of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

## JURISDICTION AND VENUE

5. This is an action arising under the laws of the United States of America, discrimination in employment laws, such as Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, Civil Rights Act of 1991, the Americans with Disabilities Act, and the Pregnancy Discrimination Act.

6. The jurisdiction of this Court is invoked pursuant to the provisions of Title VII, 42 U.S.C. §§ 2000e-5 and 100e-16(c), and the general civil rights jurisdictional provisions of 28 U.S.C. § 1343(a)(4) and/or § 1345.

7. Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

8. Venue is invoked pursuant to 42 U.S.C. § 2000e-5(f), §2000e-6(b), and 28 U.S.C. § 1931 and is proper because a substantial portion of the events, acts or omissions giving rise to the claims occurred in southern Nevada and because at all relevant times Defendant was doing business in southern Nevada.

9. Defendant's conduct is discriminatory with respect to Plaintiff's sex, disability and/or status as a pregnant woman.

10. The conduct complained of in this action involved, *inter alia*, termination from employment based upon Plaintiff's protected status as a woman, pregnant and/or disabled person.

11. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

12. Plaintiff filed charges with the United States Equal Employment Opportunity Commission ("EEOC") regarding the discrimination and was issued a Notice of Right to Sue on or about October 12, 2017, attached hereto as Exhibit "1".

13. Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f), and Defendant employs more than 15 employees.

14. Defendant is engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

15. Plaintiff has exhausted her administrative remedies in compliance with Title VII.

## FACTS

16. Plaintiff began working for Defendant as a Porter on or about October 24, 2014.

17. Either before or while working for Defendant, Plaintiff became pregnant.

18. Defendant was made aware of Plaintiff's pregnancy and medical issues associated therewith.

19. After Defendant was made aware of Plaintiff's pregnancy Defendant forced Plaintiff to take leave because of her pregancy.

20. At the time Defendant was forced to take leave, Plaintiff could still perform the essential functions of her job.

21. Defendant hired a replacement for Plaintiff and had Plaintiff train said replacement prior to forcing Plaintiff to take leave.

22. Defendant did not hold Plaintiff's job for her return to work after her forced leave.

23. Plaintiff would not have been terminated if she had not become pregnant.

24. Defendant failed to reasonably accommodate Plaintiff's medical needs.

25. Reasonably accommodating Plaintiff's medical needs would not have created a

significant undue burden to Defendant.

26. Defendant terminated Plaintiff because she was a pregnant and/or disabled woman.

27. Defendant discriminated against Plaintiff by terminating her employment due to, in total or in part, her pregnancy, disability and/or sex or medical conditions.

28. Defendant's stated reason for terminating the employment of Plaintiff was that Defendant's client preferred the replacement employee that Plaintiff trained.

29. Defendant's stated reason for termination of Plaintiff's employment was pretext.

## FIRST CAUSE OF ACTION

**(Unlawful Discrimination Based on Pregnancy, Disability, and/or Sex)**

30. Plaintiff reaffirms and realleges Paragraphs 1-29 as if specifically set forth herein.

31. Plaintiff, at all relevant times, was in a protected class pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, and the Pregnancy Discrimination Act.

32. Defendant engaged in unlawful discrimination directed toward Plaintiff, treating her different that similarly situated co-workers of Plaintiff who were not pregnant.

33. Plaintiff sustained damages as an actual and proximate result of Defendant's unlawful action(s) towards Plaintiff.

34. Plaintiff was forced to hire legal counsel to bring the instant action.

## SECOND CAUSE OF ACTION

**(Violation of NRS 613, et seq.)**

35. Plaintiff reaffirms and realleges Paragraphs 1-34 as if specifically set forth herein.

36. Upon information and good faith belief, Defendant has a practice of allowing non-pregnant employees to take leave of absence with or without pay for sickness or disability because of a medical condition.

37. Defendant refused or failed to afford the same benefits to Plaintiff.

38. Defendant refused or failed to afford said benefits during a time when Plaintiff was pregnant.

39. Defendant terminated the employment of Plaintiff because Plaintiff had to take

4

leaves of absence from her employment to seek medical care and consultation in furtherance of protecting the interests of her unborn child.

40. Plaintiff sustained damages as an actual and proximate result of Defendant's unlawful action(s) towards Plaintiff.

41. Plaintiff was forced to hire legal counsel to bring the instant action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

a. Award compensatory damages to Plaintiff;

b. Award back-pay to Plaintiff;

c. Award costs of this action to the Plaintiff;

d. Award reasonable attorney's fees and costs to the Plaintiff;

e. Award punitive damages against Defendant; and

f. Award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

DATED this 2nd day of January, 2018.

LBC LAW GROUP

By: _____
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
JOSE E. VALENZUELA, III, ESQ.
Nevada Bar No. 12510
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
Email: info@lbclawgroup.com
*Attorneys for Plaintiff*

5

# EXHIBIT "1"

# EXHIBIT "1"

EEOC Form 161-A (11/16)                **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To: Hilda Hernandez
3750 E. Bonanza Rd. Unit 57
Las Vegas, NV 89110

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2016-00475 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1100 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rosa M. Viramontes,
District Director

October 12, 2017
*(Date Mailed)*

Enclosures(s)

cc: Jorge Roman
Owner
PCRC
3667 Topawa Drive
Las Vegas, NV 89103